UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORY HUBBARD,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT D. PERCIVAL, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-01809-KJD-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION**<br><br>**Re:  Application for Leave to Proceed** *in forma pauperis* **(ECF No. 1) and Complaint (ECF No. 1-1)** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also attached a Complaint to his *in forma pauperis* application. ECF No. 1-1.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted an inmate application to proceed *in forma pauperis* showing an inability to prepay fees and costs or give security for them. ECF No. 1. Plaintiff properly attached to his application a copy of his inmate trust account statement for the last six months, a financial certificate signed by a prison official, and an affidavit attesting to the application's authenticity. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's *in forma pauperis* application is accompanied by his Complaint asserting violations of civil rights, which, upon review, allege Sixth Amendment, Eighth Amendment, and Fourteenth Amendment claims against Defendants Brent D. Percival, John Doe I, John Doe II, the Clark County District Attorney's Office, and Elizabeth Mercer. ECF No. 1-1 at 2–6.

### III.   PLAINTIFF'S CLAIMS

#### A.   The Clark County District Attorney's Office

Plaintiff alleges that the Clark County District Attorney's Office "failed to 'instruct & train' [an] officer of the court"; "allowed Elizabeth Mercer to [m]aliciously [p]rosecute [him]"; and, "didn't provide [Plaintiff] with equal opportunity of a fair trial . . . ." *Id*. at 2, 5, 6. However, a governmental agency that is an arm of the state is not a "person" for purposes of Section 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). And, county district attorney's offices are arms of the state that are, therefore, not "persons" available to be sued under 42 U.S.C. § 1983. *Morris v. State Bar of California,* No. CV F 09–0026, 2010 WL 4977677 at *2 (December 2, 2010) ("The Complaint alleges claims against the Fresno County District Attorney's office, as well as the County of Fresno. The County of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno County District Attorney's office is a "sub-unit" of the County of Fresno

and is not a person under § 1983. Therefore, judgment is granted to the Fresno County District Attorney's office.") (citing *Hervey v. Estes,* 65 F.3d 784, 791 (9th Cir.1995) (holding that umbrella organization composed of various city and county offices was not a separately suable entity)); *Kekaula v. Luera,* No. 1:08-cv-00282, 2008 WL 4821766, at *4 (E.D.Cal.2008) (finding Bakersfield District Attorney's Office was not a "person" under Section 1983); *Pobursky v. Madera County,* No. 1:07-cv-0611, 2007 WL 2023529, at *6 (finding that Madera County District Attorney's Office was sub-division or department within Defendant Madera County and not separately subject to suit).

Further, NRS 41.032 states that no action may be brought against the state, state agencies, or political subdivisions based upon the exercise or performance of a discretionary function or duty, whether or not the discretion involved is abused. *Wayment v. Holmes*, 912 P.2d 816, 819 (1996) ("The State of Nevada has not waived immunity on behalf of its departments of political subdivisions . . . ."). Therefore, the Court finds the Clark County District Attorney's Office is not a properly named Defendant in this action and recommends dismissing the Clark County District Attorney's Office with prejudice as amendment would be futile.

### B.   Assistant District Attorney Elizabeth Mercer

The Court finds Elizabeth Mercer is not a properly named Defendant in this action. Plaintiff appears to allege that Elizabeth Mercer prosecuted him maliciously and without legal or factual basis. Even assuming the veracity of Plaintiff's allegations, when "'in initiating a prosecution and in presenting the State's case,' the prosecutor is immune from a civil suit for damages under § 1983." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "[P]rosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions 'intimately associated with the judicial phase of the criminal process.'" *Bailey v. Clark Cnty. Dist. Attorney's Office*, Case No. 2:10-cv-01012-JCM-RJJ, 2010 WL 3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). In other words, "[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Id*. (internal citations omitted). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d

1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008.

Here, all of Plaintiff's claims against Elizabeth Mercer arise from her actions in her official role as advocate for the State. *Cf. Buckley v. Fitzsimmons*, 509 U.S. 259, 262–63 (1993) (denying absolute immunity for prosecutors who allegedly fabricated evidence at the early stages of an investigation because they "perform[ed] the investigative functions normally performed by a detective or police officer") (internal citation omitted); *Burns v. Reed*, 500 U.S. 478, 495–96 (1991) (refusing to grant absolute immunity to a prosecutor who provided legal advice to law enforcement because this act was not closely associated with the judicial process). Accordingly, the Court recommends dismissing Assistant District Attorney Elizabeth Mercer from this action with prejudice as amendment would be futile.

    C.    <u>Brent D. Percival, John Doe I, and John Doe II</u>

In his Complaint, Plaintiff alleges the following:

> "District Attorney . . . Elizabeth Mercer and [d]efense [a]ttorney Brent D. Percival . . . came to an agreement that [Percival] would not put on a proper defense with [Plaintiff's] case and [Mercer] would provide prostitutes through then Vice Detective Chris Baughman (who's since been fired from the police department [and] who's also just married District Attorney Elizabeth Mercer) to her so that she could provide the prostitutes to [d]efense [a]ttorney Brent D. Percival."

ECF No. 1-1 at 3. Plaintiff brings these claims under the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. As discussed below, the Court recommends dismissing each of these claims with prejudice.[1]

---

[1] In the event he fails to state a colorable Section 1983 claim (as is the case here), Plaintiff asks the Court to provide him with court appointed counsel. ECF No. 1-1 at 9. A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A review of Plaintiff's Complaint shows that Plaintiff fails to state any viable claims under Section 1983 or any other theory of law, and thus, there is no basis to consider appointment of counsel at this time.

4

1. *The Court recommends dismissing Plaintiff's Sixth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II with prejudice.*

Plaintiff brings a Sixth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II for failing to properly represent Plaintiff pursuant to the Professional Code of Conduct and Responsibilities. Specifically, Plaintiff states that: "Brent D. Percival, John Doe I and John Doe II[] failed to investigate the charges that [were] presented against [him], failed to interview witnesses[,] failed to put together a defense for trial, failed to present exculpatory evidence, failed to call witnesses on [Plaintiff's] behalf, [and] failed to report professional misconduct of Elizabeth Mercer when she came to [Percival] to seek his help for her conviction rate." ECF No. 1-1 at 4. Although never explicitly stated by Plaintiff, it appears "John Doe I" and "John Doe II" are other attorneys employed by Brent D. Percival's law office and/or appointed by the Eighth Judicial District Court.

The Court interprets Plaintiff's Sixth Amendment claim as one based on ineffective assistance of counsel. Although it is not entirely clear whether Brent D. Percival, John Doe I, and John Doe II were acting as private counsel retained by Plaintiff or as public defenders appointed by the Court, their status as criminal defense attorneys precludes a finding that they were acting under color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981).

Moreover, Plaintiff's ineffective assistance of counsel claim is not properly brought as a 1983 action, but must be stated as a habeas corpus petition under 28 U.S.C. 2254, which addresses "a person in custody pursuant to the judgment of a State court … on the grounds that he is in custody in violation of the Constitution or laws … of the United States." Specifically, Section 2254 is the mechanism for bringing an ineffective assistance of counsel claim. *Ruffa v. McDaniel*, No. 2:09-cv-02258-KJD-PAL, 2010 WL 4703609, *1, 4 (D. Nev. Nov. 10, 2010) ("The Antiterrorism and Effective Death Penalty Act . . . at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition . . . alleg[ing] that [petitioner's] conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment right to effective assistance of counsel.").

Thus, the Court recommends dismissal of Plaintiff's Sixth Amendment claim against Brent D. Percival, John Doe I, and John Doe II with prejudice.

>   2. *The Court recommends dismissing Plaintiff's Eighth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II with prejudice.*

Plaintiff brings an Eighth Amendment claim for cruel and unusual punishment against Defendants Brent D. Percival, John Doe I, and John Doe II for "failing to protect [Plaintiff] and uphold [Plaintiff's] rights in the sixth and fourteenth amendments allow[ing Plaintiff] to be sentence[d] to 10 life sentences without the possibility of parole." *Id*. at 5. A failure-to-protect claim arises under the Eighth Amendment, but is not properly brought for claims arising from a sentence. Rather, Eighth Amendment failure-to-protect claims may be brought against prison officials who are acting in the performance of their official duties, not against private parties. *Farmer v. Brennan*, 511 U.S. 825, 825 (1994) ("Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They . . . must protect prisoners from violence at the hands of other prisoners."); *Hudson v. McMillian*, 503 U.S. 1 (1992) (adopting the "malicious and sadistic" standard for assessing Eighth Amendment failure-to-protect claims against prison officials who personally injure prisoners).

Further, Plaintiff's references to the Sixth and Fourteenth Amendment are misplaced. As discussed previously, Plaintiff may properly bring a Sixth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II through a habeas claim for ineffective assistance of counsel under Section 2254. The Fourteenth Amendment does not apply because Defendants Brent D. Percival, John Doe I, and John Doe II were private parties acting outside the color of state law at the time of their representation of Plaintiff, and therefore, are immune from Section 1983 claims. *West*, 487 U.S. at 42; *Polk Cnty.*, 454 U.S. at 317–18.

Accordingly, the Court recommends dismissing Plaintiff's Eighth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II with prejudice.

>   3.   *The Court recommends dismissing Plaintiff's Fourteenth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II with prejudice.*

Plaintiff alleges a separate Fourteenth Amendment claim against Brent D. Percival, John Doe I, and John Doe II for "fail[ing] to equal[l]y protect a U.S. citizen['s] right [under] the constitution." ECF No. 1-1 at 6.  Plaintiff claims Defendants' "failure to provide [him] with equal protection of the law . . . deprive[d him] of due process of the law.  [Defendants Brent D. Percival, John Doe I, and John Doe II's] failure to adequately represent [Plaintiff] as a defendant in this case . . . led to [his] wrongful conviction." *Id*. at 6.

For the same reasons Plaintiff's Sixth Amendment claim fail against these Defendants, this claim also fails.  Defendants Brent D. Percival, John Doe I, and John Doe II were acting as private individuals, or, in the alternative, as "the State's adversary." *West*, 487 U.S. at 42.  As such, they are immune from Plaintiff's Fourteenth Amendment claim. *Id.*; *Polk Cnty.*, 454 U.S. at 317–18. This claim, however, may be brought under 28 U.S.C. § 2254 as part of Plaintiff's habeas claim for ineffective assistance of counsel.

The Court therefore recommends dismissing Plaintiff's Fourteenth Amendment claim against Defendants Brent D. Percival, John Doe I, and John Doe II with prejudice.

**IV.   ORDER**

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense. However, because the Court also recommends dismissal of each of Plaintiff's claims with prejudice, the Clerk of the Court shall hold Plaintiff's Application until such time as the Court rules on the recommendation.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of counsel is DENIED without prejudice.

## V.     RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Sixth, Eighth, and Fourteenth Amendment claims against the Clark County District Attorney's Office, Assistant District Attorney Elizabeth Mercer, and defense counsel Brent D. Percival, John Doe I, and John Doe II be dismissed with prejudice, for the reasons stated above, as amendment would be futile.

DATED this 4th day of December, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

8